UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BUILDER SERVICES GROUP, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL HARKINS, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 23-11375-DJC |

ORDER ON PLAINTIFF'S MOTION FOR CONTEMPT, FOR SANCTIONS,
AND TO EXTEND DISCOVERY DEADLINE AND PLAINTIFF'S MOTION TO COMPEL[1]
[Docket Nos. 47, 51]

September 18, 2024

Boal, M.J.

Plaintiff Builder Services Group, Inc. ("BSG") has filed a motion for contempt, sanctions, and to extend the discovery deadline. Docket No. 47. In addition, BSG has filed a motion to compel defendants Michael Harkins, Advanced Green Insulation ("AGI") and Israel Aparecido Barroso, to produce certain documents and answer interrogatories. Docket No. 51. This Court heard oral argument on September 17, 2024.[2] For the following reasons, this Court grants in part and denies in part the motions.[3]

---

[1] On July 29, 2024, Judge Casper referred the motions to the undersigned. Docket No. 55.

[2] Defendants' counsel failed to appear at a hearing scheduled for September 4, 2024. See Docket No. 61.

[3] "Pursuant to 28 U.S.C. § 636(e)(6), a magistrate judge does not have authority to issue a civil contempt finding where the case is not before the magistrate judge by consent." Navitag Techs., Inc. v. Silva, No. 1:11-CV-00386-JL, 2011 WL 3862168, at *2 (D.N.H. Aug. 5, 2011), report and recommendation adopted, No. 11-CV-386-JL, 2011 WL 3862154 (D.N.H. Aug. 31, 2011).

1

I.      RELEVANT BACKGROUND

In this action, BSG alleges that its former employee, Michael Harkins, violated the confidentiality and nonsolicitation terms of his September 30, 2021, Confidentiality, Intellectual Property Assignment, Non-Compete, and Non-Solicitation Agreement with BSG (the "BSG Agreement") and misappropriated BSG's confidential and proprietary information in violation of state and federal law.  BSG also alleges that AGI and Barroso interfered with BSG's contractual and advantageous business relationships.

BSG distributes building insulation and building product materials for the residential and commercial end-markets through its affiliates throughout the United States, including New England.  Complaint at ¶ 12.  AGI also provides building insulation installation services in Maine, New Hampshire, Massachusetts, Rhode Island, and Connecticut and is a direct competitor of BSG.  Id. at ¶¶ 13-14.

Harkins began working for BSG on April 5, 2021.  Id. at ¶ 15.  On or about April 4, 2023, Harkins became a sales consultant based out of Middleboro, Massachusetts.  Id. at ¶ 17.  As a sales consultant, Harkins had access to BSG's highly-confidential information and trade secrets, including customer and vendor lists, pricing and budgetary information, pricing models, and account strategies.  Id. at ¶ 21.

BSG alleges that, on or about September 30, 2021, BSG and Harkins entered into the BSG Agreement.  Id. at ¶ 28.  The BSG Agreement, which Harkins denies entering into, includes

---

In such circumstances, a magistrate judge may only certify the facts to a district judge, see 28 U.S.C. § 636(e)(6)(B)(iii), which is often accomplished through a report and recommendation. Kologik Cap., LLC v. In Force Tech., LLC, No. CV 18-11168-GAO, 2021 WL 2627799, at *4 (D. Mass. Apr. 20, 2021) (citing cases).  At the September 17, 2024, hearing, however, BSG withdrew its motion for contempt and indicated that it was seeking sanctions only.  Accordingly, this Court issues an order instead of a report and recommendation.

both a non-disclosure and a non-solicitation clause.  The non-disclosure clause provides that the employee agrees, during his employment or at any time thereafter, not to:

> disclose any Confidential Information to others or use the Confidential Information for Employee's own benefit or for the benefit of others. . . . Upon the termination of Employee's employment, Employee agrees to promptly return all Confidential Materials and other records, files, documents and other materials relating to the TopBuild Group's business, whether in hard copy or electronic format.

Id. at ¶ 30.  The non-solicitation clause provides that the employee agrees, for a period of one year after the termination of his employment with BSG not to:

> [c]ontact or otherwise solicit any employee, consultant, or independent contractor of [BSG] with the intention of encouraging such person to terminate his or her employment or other relationship with [BSG] or any of its Affiliates, or employ or otherwise hire or engage any such person; [s]olicit, call upon, accept work and/or orders for product from, or initiate communication or contact with any Customer for the purpose of offering Competitive Products to such Customer, or otherwise offer Competitive Products to such Customer; [s]olicit, call upon or initiate communication or contact with any Customer, vendor or supplier of [BSG] or any of its Affiliates for the purpose of encouraging such person to terminate, place elsewhere or reduce the volume of its business with [BSG] or its Affiliates; or [o]therwise attempt to directly or indirectly interfere with [BSG's] or any of its Affiliates business or its relationships with its employees, independent contractors, vendors, suppliers or Customers.

Id. at ¶ 31.

On or about May 8, 2023, Harkins gave notice of his intent to resign effective May 22, 2023.  Id. at ¶ 32.  BSG maintains that he falsely stated that he was going to work for a cable company.  Id.  Rather, he went to work for AGI.  Id. at ¶ 20.

BSG alleges that, between May 5, 2023 and May 22, 2023, Harkins sent from his BSG email to his personal email many BSG confidential, proprietary, and trade secret documents.  Id. at ¶ 33.  BSG also alleges that Harkins retained and used BSG's confidential information.  Id. at

¶ 35.  In addition, BSG alleges that Harkins, on behalf of AGI and Barroso, has solicited and accepted work from BSG's customers.  Id.

After receiving notice of this potential litigation and engaging counsel, Harkins destroyed the materials he took from BSG.  Docket No. 52 at 2.  According to Harkins, his prior counsel told him to put all the documents he took from BSG on a flash drive and then delete the documents.  Docket No. 47-5 at 12.  Counsel for Mr. Harkins has represented that he would waive the attorney-client privilege with respect to communications with that law firm.  Docket No. 52 at 2.

On July 21, 2023, Judge Casper granted BSG's motion for a preliminary injunction. Docket No. 31.  Judge Casper ordered, inter alia, that:

> 5) Harkins, AGI and Barroso immediately return to BSG any and all of BSG's electronic and hardcopy Confidential Information; and
>
> 6) Harkins grant BSG access to any and all Devices and personal accounts he used for communication purposes so that BSG may determine the extent to which Harkins (1) retained, accessed, used or disclosed any of BSG's Confidential Information; and/or (2) took other actions toward violating his obligations under the BSG Agreement.

Docket No. 32 at 2.  On January 24, 2024, the parties conferred regarding several issues including the provision of Harkins' personal cell phone for imaging.  See Docket No. 47-4 at 7-9.  Defendants agreed to provide Harkins' personal cell phone for imaging and asked for the logistics and timing for the turnover.  Id. at 7.  Defendants, however, objected to the provision of AGI's equipment for imaging because it contained confidential, proprietary business information not relevant to this matter.  Id.

On April 19, 2024, Attorney Lisa Treiber, counsel for Defendants, emailed Attorney Andrea Sullivan, counsel for BSG, asking when she would like Harkins to supply his personal

4

telephone for imaging.  Docket No. 49-1 at 3.  On May 30, 2024, Attorney Sullivan responded, instructing Harkins to send his personal cell phone to StoneTurn for imaging.  Id. at 2.  On June 4, 2024, Attorney Sullivan sent an email to Attorney Treiber asking whether Harkins had sent his cell phone to StoneTurn.  Docket No. 48 at 2.  Attorney Treiber responded that Harkins would like to drop off the phone and wait and asked whether that was possible.  Id.

Harkins, through his attorney, subsequently expressed concerns about imaging his entire cell phone contents, as that would include a variety of personal and irrelevant information such as personal texts, pictures, emails, bank accounts, medical information, etc.  See Docket No. 48-1 at 3-4.  The parties conferred about this issue on June 6, 2024.  See id. at 2.  BSG's counsel emphasized that it would be impossible for BSG to come up with search terms for Harkins' cell phone given that it cannot know what it does not know.  Id.  However, BSG offered to allow Harkins to provide a list of information that he believed was personal or privileged for BSG to review to determine whether BSG can agree not to include such information in the forensic imaging process.  Id.  BSG also confirmed that the information extracted from Harkins' cell phone would be designated Attorney's Eyes Only pursuant to the Protective Order.  Docket No. 47 at 5.

On June 11, 2024, having heard nothing from Defendants' counsel, BSG's counsel followed up on the offer to allow Harkins to propose carve outs.  Id.  The parties' counsel conferred about a proposed extension of the discovery deadlines on June 17, 2024.  Docket No. 49 at 4.  Counsel for Harkins provided assurances that the carve-out list that had been requested was forthcoming.  Id. at 5.  That same day, BSG filed the motion for contempt and for sanctions. Docket No. 47.  Harkins provided his cell phone for imaging on June 19, 2024.  Id. at 6.  BSG deposed Harkins on June 26, 2024.  See Docket No. 52-2.

II.    ANALYSIS

    A.    Standard Of Review

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Whether discovery is proportional to the needs of the case depends on, among other things, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the expense of the proposed discovery outweighs its likely benefit." Id.

If a party fails to respond to requests for production of documents or interrogatories, the party seeking discovery may move to compel production of the requested information. See Fed. R. Civ. P. 37(a)(3). "[T]he party seeking an order compelling discovery responses over the opponent's objection bears the initial burden of showing that the discovery requested is relevant." Torres v. Johnson & Johnson, No. 3:18-10566-MGM, 2018 WL 4054904, at *2 (D. Mass. Aug. 24, 2018) (citation omitted). "Once a showing of relevance has been made, the objecting party bears the burden of showing that a discovery request is improper." Id. (citation omitted).

    B.    Motion For Sanctions

While BSG has withdrawn its motion for contempt, it seeks sanctions against Harkins for his failure to turn over the cell phone for imaging until June 19, 2024. BSG argues that the delay necessitated this motion and warrants sanctions. While defense counsel's failure to anticipate Harkins' concerns regarding his personal and irrelevant information and the delay in providing carve out terms is unfortunate, and BSG's frustration is understandable, Harkins turned over the phone just over two weeks after BSG provided instructions for doing so. It also appears that the

parties were still negotiating this issue, among others, on June 17 and BSG filed the motion on that date without warning Harkins's counsel. See Docket No. 49 at 5. Accordingly, I decline to impose sanctions at this time. Counsel is warned, however, that this Court will take this conduct into account, as well as counsel's failure to appear at the September 4, 2024 hearing, if further discovery issues arise in this case.

    C.    Motion To Compel

    1.    Responsive Communications

BSG seeks an order compelling the Defendants to produce communications responsive to the following requests for production:

> 7. All documents and communications between [Mr. Harkins] and any current, prospective, or former employee or customer of BSG since January 1, 2023.
>
> 11. All communications with BSG customers or potential customers concerning [Mr. Harkins's] transition to or new employment with AGI.
>
> 7. All documents and communications between AGI, on the one hand, and Harkins, on the other hand, concerning BSG (including without limitation its business, pricing, vendors, bids, competitive intelligence and projects) and any current, prospective or former BSG customer(s).
>
> 8. All documents and communications between AGI and any current, prospective, or former employee or customer of BSG since January 1, 2023.
>
> 9. All documents and communications between Harkins and any current, prospective, or former employee or customers of BSG since January 1, 2023.

Docket No. 52 at 8. Defendants represent that they "have produced any and all communications requested in Plaintiff's First Set of Document Requests within their possession, custody and control, including documents referenced by Mr. Harkins during his deposition." Docket No. 56 at 1. According to BSG, however, Defendants have not produced a single communication in this litigation. Docket No. 52 at 8. BSG points to examples of communications that it has received

7

from customers that have not been produced by the Defendants. See Docket No. 52-7. Further, it appears that the Defendants did not in fact conduct a proper search for responsive documents. See Docket No. 52-4 at 1; Docket No. 60 at 1-2.

Accordingly, this Court orders the Defendants to conduct a further search for and produce responsive communications within 30 days. In addition, the Defendants shall file a statement indicating the scope of the searches (i.e., what custodians and/or locations (including cell phones) were searched; how the searches were conducted; what keywords were searched; the time period covered by the searches; etc.); whether any documents were withheld; and, if no responsive documents were found, state so.

2. Second Request For Production Of Documents To AGI

BSG seeks an order compelling AGI to produce documents responsive to its second request for production of documents. Docket No. 52 at 8-9. Defendants argue that such requests seek irrelevant information in order for BSG to gain a competitive advantage over AGI. Docket No. 56 at 2. At oral argument, BSG argued that these requests seek relevant information regarding damages. While BSG is entitled to discovery regarding damages, the requests as drafted are overly broad as they seek information predating Harkins' departure from BSG and also seek information that is not tied to Harkins or BSG's customers. In addition, this Court finds that BSG has not shown that Requests 3, 4, and 5, and Interrogatory No. 3 regarding AGI's spray foam business seek relevant information. BSG may serve, within two weeks, no more than five requests for production and 3 interrogatories seeking information regarding their alleged damages.

3.  Written Waiver Of Privilege With Respect To SNL Law

BSG requests that Harkins, either directly or through counsel, immediately provide SNL Law with written confirmation of his complete subject-matter waiver of any privilege that could apply to communications between Harkins and SNL Law so that BSG may take SNL's deposition. Docket No. 52 at 11. Harkins represents that he provided written notice of his waiver of attorney-client privilege with SNL Law on July 11, 2024, before the motion to compel was filed. Docket No. 56 at 2. From counsel's representations at the September 17, 2024 hearing, however, it appears that the written notice consisted of an email from defense counsel to Harkins' prior counsel, which may not be sufficient. Accordingly, within two weeks, Harkins shall provide a signed, written waiver to prior counsel.

4.  Extension Of Discovery Deadline

BSG also has requested that the discovery deadline be extended for 90 days. Docket No. 47 at 8. BSG, however, requests that this extension apply only to BSG "as there is no basis for extending discovery for Defendants." Docket No. 52 at 11. This Court extends the fact discovery deadline until November 8, 2024. That deadline will apply to all parties.

III. ORDER

For the foregoing reasons, this Court grants in part and denies in part BSG's motions. This Court declines to award sanctions at this time.

    /s/ Jennifer C. Boal
    JENNIFER C. BOAL
    U.S. MAGISTRATE JUDGE